**UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION**

**Case No. 2:18-md-2846**

**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Kimberly A. Jolson**

**This document relates to:**
*Huston v. Davol, Inc., et al.*,
Case No. 2:19-cv-2437

**ORDER**

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 3). Defendants argue that this case should be dismissed because Plaintiff has failed to produce a complete Plaintiff Profile Form as required by Case Management Order No. 8. (*See generally id.*). Counsel for Plaintiff represents that, despite repeated attempts to contact Plaintiff, he has been unable to communicate with her. (Doc. 4). He, therefore, requests that the case be dismissed without prejudice. (*Id.* at 2). The Motion is **GRANTED in part and DENIED in part**.

The Court may dismiss an action for failure to prosecute under its inherent power to control its docket, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), or under Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides, in pertinent part that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits." The measure is available to the Court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999).

The Sixth Circuit directs the district court to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff has refused to comply with the Court's orders or to participate in the litigation of this action. The Court concludes that Plaintiff has abandoned this action as a result. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket, the interest in expeditious resolution of litigation, and the risk of prejudice to the defendant" outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). Finally, the Court has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings.

This action is **DISMISSED without prejudice**. In the event the Plaintiff re-files, Defendants may claim costs and expenses in the first filing and seek recoupment.

**IT IS SO ORDERED.**

Date: 06/11/2020        *s*/Edmund A. Sargus, Jr.
                        **EDMUND A. SARGUS, JR.**
                        **UNITED STATES DISTRICT JUDGE**


                        *s*/Kimberly A. Jolson
                        **KIMBERLY A. JOLSON**
                        **UNITED STATES MAGISTRATE JUDGE**